IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XAVIER CRUZ, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO.  07-493 |

MEMORANDUM

**Padova, J.**                                               **August 7, 2007**

Plaintiffs Xavier Cruz ("Cruz"), Deborah Alvarez and Olga Green have brought this civil rights action alleging violations of Cruz's civil rights in connection with his February 5, 2005 arrest and subsequent prosecution.   Plaintiffs have brought claims against District Attorney Lynne Abraham, Assistant District Attorney Angel Flores, Assistant District Attorney Richard Bauer (the "D.A. Defendants"), and the Philadelphia District Attorney's Office (the "D.A.'s Office").  Plaintiffs have also named as Defendants the City of Philadelphia, the Philadelphia Police Department, the Commissioner of the Philadelphia Police Department, the arresting Philadelphia police officers and police detective, the investigating detectives, the supervisors of the officers and detectives, and witnesses at Cruz's criminal trial.  The D.A. Defendants and the D.A.'s Office have filed a Motion to Dismiss to which the Plaintiffs have filed a response.  For the reasons which follow, the Motion to Dismiss is granted in all respects.

**I.      BACKGROUND**

The Complaint alleges the following facts.  On or about February 5, 2005, at about 4:15 a.m., a home invasion occurred at 4011 Dungan Street, Philadelphia, PA.  (Compl. ¶ 18.)   At approximately 4:29 a.m., six  police officers, two police sergeants and one detective arrived at the

1

home on 4011 Dungan Street.  (Id. ¶ 9.)  The victims of the home invasion told the officers that the invaders, who were black males dressed in all black clothing and wearing Timberland boots, had jumped out of a broken second-floor bedroom window and fled the area on foot.  (Id. ¶¶ 20-21.)  The Police searched the surrounding area for approximately five minutes, but saw no one on the streets. (Id. ¶ 22.)

Beginning around 11:00 p.m. on February 4, 2005, and continuing until the early morning hours of February 5, 2005, Plaintiff Cruz was with his two cousins, Alexandra Velazquez ("Velazquez") and Jonathan Sierra ("Sierra"), and two friends driving around in a car that Sierra had just purchased.  (Id. ¶ 24.)  Cruz is a light skinned Hispanic male and was wearing a white shirt, grey pants, and sneakers.  (Id. ¶ 34.)  At approximately 3:30 a.m., Cruz, Velazquez and Sierra arrived at their aunt's house, located four to five blocks from 4011 Dungan Street.  Cruz and Velazquez entered the house while Sierra, who was the owner of the car, napped in the car.  (Id. ¶¶ 25-26.)  At approximately 4:10 a.m., Cruz and Velazquez left their aunt's house.  (Id. ¶ 27.)  Cruz slipped on the ice and fell into the side of another parked car.  (Id.)  That car was occupied by Juan Torres ("Torres")[1], who got out of his car and followed Cruz to Sierra's car.  (Id. ¶ 28.)  Torres appeared to be angry and drunk.  (Id.)  Sierra then drove his car (occupied by the three cousins) to the rear of the aunt's house and told Cruz and Velazquez to go inside to safety.  (Id. ¶ 29.)  As Cruz exited the car, Torres struck him with a handgun, causing him to fall to the ground.  (Id.)  At approximately 4:42 a.m., after Cruz, Sierra and Velazquez re-entered their aunt's house, Velazquez made a phone call to 911 requesting both police and medical assistance.  (Id. ¶ 31.)

After hearing the police radio calls, the officers who had responded to the home invasion on

---

[1] Juan Torres is also referred to as Jose Torres in Plaintiffs' Complaint.

4011 Dungan Street arrived at Cruz's aunt's house and placed Cruz under arrest for the home invasion.  (Id. ¶ 32.)  The police then brought the victims of the home invasion to Cruz's aunt's house, where they gave a "positive identification."  (Id. ¶¶ 33, 35.)  Cruz was never found to be in possession of any of the items allegedly stolen during the home invasion and no gun was ever recovered that was linked to Cruz.  (Id. ¶ 36-37.)

After his arrest, Cruz made an official complaint to the Police Department regarding the assault by Torres.  (Id. ¶ 43.)  The investigating detectives interviewed Cruz and Sierra regarding only the home invasion and not the assault.  (Id. ¶ 45.)  Cruz's defense counsel gathered evidence that exonerated him and implicated others in the home invasion and gathered evidence of the assault on Cruz.  (Id. ¶ 45.)  This evidence was provided to the Defendants in this case.[2]  (Id. ¶ 46.)  Cruz's counsel asked that Defendants examine the evidence and prosecute those actually responsible for both crimes.  (Id. ¶ 47.)  None of the Defendants heeded this request.  (Id. ¶ 48-50.)  The statute of limitations on Torres' assault on Cruz has expired with no charges being brought against Torres.  (Id. ¶ 51.)

Cruz was eventually prosecuted by the Philadelphia District Attorney's Office on charges arising from the home invasion at 4011 Dungan Street.  (Id. ¶ 56.)  At trial, Defendant Alyssa Ruiz, who had previously identified Cruz as a perpetrator of the home invasion, admitted she never saw the face of the perpetrator.  (Id. ¶ 65.)  On March 20, 2006, Cruz was found not guilty of all charges by Judge Robert Rebstock  (Id. ¶ 66.)

The Complaint alleges a claim against all Individual Defendants, individually and in their official capacities, pursuant to 42 U.S.C. § 1983, for violation of Cruz's Fourth and Fourteenth

---

[2] Plaintiffs' Complaint does not state specifically which Defendants received this evidence.

Amendment rights to be free from unreasonable seizure, and to equal protection under the law (Count I); a claim against all Individual Defendants, individually and in their official capacities, pursuant to 42 U.S.C. § 1981, for violation of Cruz's Fourteenth Amendment right to be free from discrimination based on race and ethnicity (Count II); a claim against all Individual Defendants, individually and in their official capacities, pursuant to 42 U.S.C. § 1985, for conspiring to violate Cruz's Fourteenth Amendment rights to equal protection and to be free from invidious discrimination on the basis of his race and ethnicity (Count III).  The Complaint also alleges a claim against the City of Philadelphia, the D.A. Defendants and the D.A.'s Office pursuant to 42 U.S.C. § 1983 for developing and maintaining customs and policies exhibiting deliberate indifference to the constitutional rights of city residents (Count V) and for developing and maintaining a custom or policy of tolerating racially and ethnically discriminatory prosecutions (Count VII).  The Complaint also alleges state common law claims against all Defendants for malicious prosecution (Count IX) and negligent and intentional infliction of emotional distress (Count X).  The Complaint further alleges a claim against all Defendants for unlawful seizure in violation of the Constitution of the Commonwealth of Pennsylvania (Count XI); and a claim against the D.A. Defendants and the D.A.'s Office for prosecutorial misconduct (Count XII).

## II.    LEGAL STANDARD

When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments.  Jordon v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  However, the court "need

not credit a complaint's 'bald assertions' or 'legal conclusions.'" <u>California Pub. Employee Ret.</u> <u>Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) (citing <u>Morse v. Lower Merion School</u> <u>Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)).  In considering a Rule 12(b)(6) motion, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

## III.   DISCUSSION

The D.A. Defendants have moved to dismiss on grounds that absolute prosecutorial immunity shields them from liability with respect to all counts asserted against them.  The D.A.'s Office has  moved to dismiss on the grounds that the Complaint does not state a <u>Monell</u> claim against it.  The D.A.'s Office has also moved to dismiss the remaining state law claims asserted against it on the grounds that the Plaintiffs may not recover monetary damages from it based on those claims.

### A.   D.A. Defendants

The D.A. Defendants argue that they are immune from liability for all of the claims asserted against them in their individual capacities under the doctrine of absolute prosecutorial immunity. We agree.  Plaintiffs' claims against the D.A. Defendants are based on their decision to prosecute Cruz for the home invasion despite evidence of his innocence, and their decision not to prosecute Torres for assaulting Cruz.  The Complaint alleges that after Cruz's arrest, Defendants Flores and Bauer refused to investigate or prosecute anyone other than Cruz for the 4011 Dungan Street home invasion, thereby depriving Cruz of his constitutional rights.  (Compl. ¶¶ 50, 60.)  The Complaint further alleges that the D.A. defendants ignored exculpatory evidence, engaged in malicious prosecution and tolerated racially discriminatory prosecutions.  (<u>Id.</u> ¶¶ 94, 106.)  The Supreme Court

has determined that, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The purposes of the doctrine of absolute prosecutorial immunity is to promote the performance of the prosecutor's duties with courage and independence, protect the public trust, and conserve energy and legal resources. Id. at 423-25. The doctrine of absolute prosecutorial immunity encompasses initiating prosecution, presenting the government's case, filing charges against an individual, failing to properly investigate before initiating a prosecution, and failing to initiate a civil or criminal complaint. Schrob v. Catterson, 948 F.2d 1402, 1410-12 (3d Cir. 1991). In essence, "absolute immunity applies if the action at issue was taken in furtherance of prosecutorial duties even though the prosecutor inadvertently injures an innocent person." Id. at 1417. We do not look at a prosecutor's motives when deciding whether or not prosecutorial immunity applies, we examine only the acts themselves and the function of the prosecutor. See Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992); Ashelman v. Pope, 793 F.2d 1072, 1077-78 (9th Cir. 1986); Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991) ("absolute immunity is justified and defined by the governmental functions it protects and serves, not by the motives with which a particular officer performs those functions.").

"[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." Yaris v. County of Delaware, 465 F.3d 129, 135-36 (3d Cir. 2006). This includes conduct that is "relate[d] to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Id. We find that the D.A. Defendants' decisions not to investigate others, and to prosecute Cruz for the 4011 Dungan Street home invasion, are protected

by absolute prosecutorial immunity as they took place within the realm of the prosecutor's functioning as a state's advocate.  Id.  We also find that Plaintiffs' claim that the D.A. Defendants ignored evidence in deciding to prosecute Cruz is encompassed in the act of "obtaining, reviewing and evaluation of evidence" in the initiation of a criminal prosecution, which is clearly subject to absolute prosecutorial immunity.  Imbler, 424 U.S. at 431 n.33;  Wise v. Augustine, Civ. A. No. 97-2651, 1997 WL 534695, *2, (E.D. Pa. Aug. 8, 1997) (stating that the decision to ignore exculpatory evidence is related to the "obtaining, reviewing, and evaluation of evidence" in the initiation of a criminal prosecution which is protected by absolute prosecutorial immunity (quoting Imbler, 424 U.S. 431 n.33));  see also Schrob, 948 F.2d at 1410 (stating that activities involving initiating prosecution and the prosecution itself are accorded absolute prosecutorial immunity).  Consequently, we grant the D.A. Defendants' Motion to Dismiss as to the claims asserted against them in Counts I, II, III, V, VII, and IX-XII in their individual capacities as these claims arise from actions taken by the D.A. Defendants functioning as state advocates protected by absolute prosecutorial immunity.

Plaintiffs also raise these claims against the D.A. Defendants in their official capacities. While actions brought against a government official in his or her individual capacity "seek to impose liability on the government official for actions he takes under color of state law, . . . official capacity actions represent another way to sue the municipality of which the officer is an agent."  Brown v. Montgomery County, Civ. A. No. 04-5729, 2005 WL 1283577, at *4 (E.D. Pa. May 26, 2005) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  Thus, suits brought against government officials in their official capacities are treated as suits brought against the governmental unit of which they are officials.  Mitros v. Borough of Glenolden, 170 F. Supp. 2d 504, 506 (E.D. Pa. 2001) (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985)); see also McGreevy v. Stroup, 413 F.3d 359, 369 (3d

7

Cir. 2005) (relying on <u>Mitros</u>, 170 F. Supp. 2d at 506).  Consequently, "an action brought against

both the entity and the public official in his or her official capacity is redundant, [and] the Court

ultimately has discretion in deciding whether to dismiss the claims against the individual

defendants."  <u>Brown</u>, 2005 WL 1283577, at *4 (citing <u>Satterfield v. Borough of Schuylkill Haven</u>,

12 F. Supp. 2d 423, 432 (E.D. Pa.1998)).  The D.A. Defendants' Motion to Dismiss is, accordingly

granted as to the claims asserted against them in Counts I, II, III, V, VII, and IX-XII in their official

capacities as they are redundant to the claims asserted against the municipality of which they are

officials.

      B.    <u>D.A.'s Office</u>

            1.    <u>The Monell Claims</u>

The Complaint also alleges claims that the D.A.'s Office is liable for violations of Cruz's

constitutional rights pursuant to 42 U.S.C. § 1983 pursuant to <u>Monell v. Dept. of Social Services of</u>

<u>City of New York</u>, 436 U.S. 658 (1978).  A municipality "cannot be held liable under § 1983 on a

respondeat superior theory."  <u>Id.</u> at 691.  Accordingly, a claim may only be brought against a

municipality when "execution of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."

<u>Id.</u> at 694.  The Complaint alleges that the D.A.'s Office is liable to the Plaintiffs under <u>Monell</u>

because it developed and maintained policies or customs exhibiting deliberate indifference to Cruz's

constitutional rights and which caused the violation of his civil rights and because it improperly and

inadequately trains and supervises its assistant district attorneys.

Although these claims are asserted against the D.A.'s Office, the D.A.'s Office is not a

separate legal entity for the purposes of § 1983, and, therefore, cannot be sued under § 1983. <u>See</u>

Maisonet v. City of Philadelphia, Civ. A. No. 06-4858, 2007 WL 1366879, n.4 (E.D. Pa. May 7, 2007); see also Dickerson v. Montogomery County Dist. Attorney's Office, Civ. A. No. 04-4454, 2004 WL 2861869, *2-3 (E.D. Pa. Dec. 10, 2004) (stating that District Attorney's Office is not entity for purposes of § 1983 liability (citing Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997))); Schneyder v. Smith, Civ. A. No. 06-4986, 2007 WL 119955, *5 n.7 (E.D. Pa. Jan. 9, 2007) (observing that District Attorney's Office is not a separate legal entity for purposes of § 1983 liability). The Motion to Dismiss is, accordingly, granted as to the Plaintiffs' Monell claims asserted against the D.A.'s Office in Counts V and VII.

2.      State Law Claims

The Complaint also asserts claims against the D.A.'s Office for violation of the right to freedom from unreasonable seizure of one's person and equal protection of the laws under the Constitution of the Commonwealth of Pennsylvania under Pennsylvania common law.    The Commonwealth Court held in Jones v. City of Philadelphia, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006), that there is no right to monetary damages for violation of the Pennsylvania Constitution.  As Plaintiffs seek monetary damages with respect to this claim, the Motion to Dismiss is, accordingly, granted as to the Plaintiffs' claim asserted pursuant to the Pennsylvania Constitution in Count XI.

The Complaint also asserts state law claims against the D.A.'s Office for malicious prosecution, prosecutorial misconduct, and negligent and intentional infliction of emotional distress. The D.A.'s Office maintains that  the Pennsylvania Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa. C.S. § 8541 et seq., bars recovery by Plaintiffs against them with regards to those claims.  We agree. The Tort Claims Act states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or

9

an employee thereof or any other person." 42 Pa. Con. Stat. § 8541.  The Tort Claims Act states eight exceptions for which agencies may be held liable for certain acts.  The exceptions are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls or street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) fire, custody or control of animals.  Id. at § 8542(b).  As the state law claims alleged by the Plaintiff are not encompassed within the eight exceptions that would rescind immunity, the D.A.'s Office is immune from these claims.  see Moyer v. Borough of North Wales, Civ. A. No. 00-1092, 2000 WL 1665132, *7 (E.D. Pa. Nov. 7, 2000); see also Douris v. Schweiker, 229 F.Supp.2d 391, 403 (E.D. Pa. 2002) (dismissing claims against Bucks Country District Attorney's Office for malicious prosecution, abuse of process and conspiracy because of its immunity under the Tort Claims Act).  The Motion to Dismiss is, therefore, granted as to the state law claims asserted against the D.A.'s Office in Counts IX, X, and XII[3]

## IV.   CONCLUSION

The Motion to Dismiss is granted as to the D.A. Defendants and they are dismissed as Defendants in this action pursuant to the doctrine of absolute prosecutorial immunity.  The Motion to Dismiss is also granted as to the D.A.'s Office and it is dismissed as a Defendant in this action. As Count XII is asserted only against the D.A. Defendants and the D.A.'s Office, that Count is dismissed with prejudice.  As the other Defendants in this case who have been served with the Complaint, except for the Philadelphia Police Department, have filed Answers, Plaintiff may proceed

---

[3] The D.A.'s Office also argues that the claims against it should be dismissed because Plaintiffs Alvarez and Green lack standing to assert the claims in their own rights.  As we have dismissed all claims asserted against the D.A.'s Office on other grounds, we need not reach this argument.

with this action against the remaining Defendants as follows: Plaintiff may proceed against the remaining individual Defendants as to Counts I-III; Plaintiffs may proceed against the City of Philadelphia and Police Commissioner Sylvester Johnson as to Count IV[4]; Plaintiffs may proceed against the City of Philadelphia as to Count V; Plaintiffs may proceed against the City of Philadelphia and Police Commissioner Sylvester Johnson as to Count VI;  Plaintiffs may proceed against the City of Philadelphia as to Count VII; Plaintiffs may proceed against the named individual Defendants as to Count VIII; and Plaintiffs may proceed against the remaining Defendants as to Counts IX-XI.  An appropriate Order follows.

---

[4]The parties have agreed to dismiss the Philadelphia Police Department as a Defendant in this action.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRUZ, ET AL.                          :          CIVIL ACTION
                                      :
         v.                           :
                                      :
CITY OF PHILADELPHIA, ET AL.          :          NO. 07-493

**ORDER**

And now, this        day of August, 2007, upon consideration of the Motion to Dismiss

Plaintiffs' Complaint filed by Defendants District Attorney Lynne Abraham, Assistant District

Attorney Angel Flores, Assistant District Attorney Richard Bauer and the Philadelphia District

Attorney's Office (Docket Entry No. 2), all documents submitted in connection therewith, and the

Hearing held on August 2, 2007, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**.

It is further ordered that:

1.     District Attorney Lynne Abraham, Assistant District Attorney Angel Flores, Assistant

       District Attorney Richard Bauer and the Philadelphia District Attorney's Office are

       **DISMISSED** as Defendants in this action.

2.     Count XII is **DISMISSED WITH PREJUDICE**.

3.     Defendant Philadelphia Police Department is **DISMISSED** as a Defendant in this action by

       agreement of the parties.[1]

                              BY THE COURT:

                              /s/ John R. Padova

                              _____
                              John R. Padova, J.

---

[1] During a meeting in chambers on August 2, 2007, the parties agreed to dismiss the
Philadelphia Police Department from this suit.