IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XAVIER CRUZ, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 07-493 |

**ORDER-MEMORANDUM**

**Padova, J.**

     **AND NOW,** this 20th day of November, 2007, upon consideration of Plaintiffs' "Motion for Reconsideration and in the Alternative for Immediate Certification for Appeal Purposes" (Docket No. 14), **IT IS HEREBY ORDERED** that said Motion is **DENIED**.

     Plaintiffs have asked us to reconsider our August 7, 2007 Memorandum and Order granting the Motion to Dismiss brought by District Attorney Lynne Abraham, Assistant District Attorney Angel Flores, Assistant District Attorney Richard Bauer (the "D.A. Defendants"), and the Philadelphia District Attorney's Office (the "D.A.'s Office").  We granted the Motion to Dismiss as to the D.A. Defendants in their individual capacities because the claims asserted against those Defendants arose from actions they took while functioning as state advocates protected by absolute prosecutorial immunity.  We granted the Motion to Dismiss as to the D.A. Defendants in their official capacities because the claims asserted against those Defendants in their official capacities were redundant to the claims brought against the municipality for which they work, the City of Philadelphia.  We granted the Motion to Dismiss as to the claims brought against the D.A.'s Office pursuant to 42 U.S.C. § 1983 because the D.A.'s Office is not a separate legal entity for the purpose of § 1983 and, therefore, cannot be sued under § 1983.  We granted the Motion to Dismiss as to the

1

state common law claims brought against the D.A.'s Office because the Pennsylvania Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa. Cons. Stat. Ann. § 8541, *et seq.*, bars recovery by Plaintiffs against the D.A.'s Office with respect to those claims.  We also granted the Motion to Dismiss as to the state constitutional law claim brought against the D.A. Defendants and the D.A.'s Office because there is no right to monetary damages for violation of the Pennsylvania constitution.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice.  Public Interest Research Group of New Jersey v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997).  "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources." Ehrheart v. Lifetime Brands, Inc., 498 F. Supp. 2d 753, 757 (E.D. Pa. 2007) (quoting Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997)). Plaintiffs contend that we committed a clear error of law with respect to each ground on which we granted the Motion to Dismiss.

      A.      <u>The Claims Raised Against the D.A. Defendants in their Individual Capacities</u>

Plaintiffs argue that we erred in dismissing the claims raised against the D.A. Defendants in their individual capacities because their actions in this case were not protected by absolute prosecutorial immunity.  Plaintiffs maintain that they have asserted two types of claims against the D.A. Defendants pursuant to § 1983: (1) claims that arise from the failure of Defendants Abraham,

2

Flores and Bauer to conduct an investigation, from the failure of Flores and Bauer to consider certain evidence presented by Cruz's counsel, and from their collective decision to prosecute Cruz (the "Investigation and Decision to Prosecute Claims") (Compl. ¶¶ 50, 56, 59, 60, 106); and (2) supervisory liability claims that arise from Abraham's, Flores's and Bauer's policies of deliberate indifference to the constitutional rights of persons in the City of Philadelphia, policies of inadequately investigating citizen complaints of policy misconduct, policies of ignoring exculpatory evidence, policies of tolerating racially and ethnically discriminatory prosecutions, policies of inadequate hiring, and policies of failing to adequately train and supervise assistant district attorneys (the "Supervisory Liability Claims"). (Compl. ¶¶ 91-96.)

Plaintiffs contend that the actions of the D.A. Defendants which are the subject of the Investigation and Decision to Prosecute Claims amount to no more than the investigative functions normally conducted by police officers and, as a consequence, the D.A. Defendants are not entitled to absolute prosecutorial immunity with respect to those claims. Plaintiffs are correct that "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citing Burns v. Reed, 500 U.S. 478, 494-96 (1991)). However, the actions of Defendants Abraham, Flores and Bauer in considering, or failing to consider, certain evidence in deciding whether to prosecute Cruz for the home invasion and Torres for assaulting Cruz, and their ultimate decision to prosecute Cruz and not to prosecute Torres, are clearly protected by absolute prosecutorial immunity.

> "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of

3

>absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made."

Buckley, 509 U.S. at 273. We find that the Investigation and Decision to Prosecute Claims arise from actions taken by the D.A. Defendants while preparing for the initiation of judicial proceedings, including their evaluation of evidence assembled by the police and by Cruz's counsel. Those actions are, therefore, protected by absolute prosecutorial immunity and we conclude that the Investigation and Decision to Prosecute Claims asserted against Defendants Abraham, Flores and Bauer in their individual capacities were properly dismissed. Plaintiffs' Motion for Reconsideration is, accordingly, denied as to these claims.

Plaintiffs argue that the Supervisory Liability Claims arise out actions taken by the D.A. Defendants in their administrative or investigatory functions and that these claims cannot, therefore, be dismissed pursuant to the doctrine of absolute prosecutorial immunity but must be analyzed as supervisory liability claims under Monell v. Dep't of Social Serv. of City of New York, 436 U.S. 658 (1978).[1]

>[I]ndividuals who assume a supervisory role and serve as policymakers may be liable under § 1983 if it is shown that they acted with deliberate indifference to constitutional rights, and established and recklessly maintained a policy, practice or custom which directly caused the constitutional harm. Relatedly, a supervisor's failure to train or supervise subordinates is actionable pursuant to § 1983 if such failure evidences deliberate indifference on the part of the supervisor.

Bey v. City of Philadelphia, Civ. A. No. 05-0686, 2006 WL 2225938, at *2 (E.D. Pa. Aug. 1, 2006)

---

[1] Plaintiffs did not clearly articulate this argument in their Response in Opposition to the Motion to Dismiss or during oral argument on that Motion.

(quotations omitted).  We find that the Supervisory Liability claims were properly dismissed as against Flores and Bauer because the Complaint does not allege that either Flores or Bauer was a policymaker or supervisor for the D.A.'s Office (Compl. ¶¶ 7-8).

Abraham, however, is alleged to be the supervisor of Flores and Bauer (Compl. ¶ 6) and, as the District Attorney of the City of Philadelphia, is considered to be a local policymaker with regard to administrative matters.  See Chisolm v. McManimon, 275 F.3d 315, 324 (3d Cir. 2001) (citing Carter v. City of Philadelphia, 181 F.3d 339, 353 (3d Cir. 1999)).  Accordingly, we must determine whether the Complaint adequately states claim of supervisory liability as to Abraham.  In order to state a claim of supervisory liability pursuant to § 1983, Plaintiffs "'must not only identify a specific supervisory practice that the defendant failed to employ, he or she must also allege both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval.'"  Bey, 2006 WL 2225938, at *3 (quoting C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir.2000)).  The Complaint does not allege any specific supervisory practices that Abraham failed to employ in connection with the decision to prosecute Cruz and the decision not to prosecute Torres.  The Complaint also fails to allege the existence of "a pattern of prior constitutional violations that would have put [Abraham] on notice of a risk of future violations."  Id.  We conclude that the Complaint fails to state a claim for supervisory liability against Abraham upon which relief could be granted and, accordingly, that the Supervisory Liability Claims pled against Abraham in her individual capacity were properly dismissed.  The Motion for Reconsideration is, therefore, denied as to the Supervisory Claims asserted against the D.A. Defendants in their individual capacities.

B.   Claims Asserted Against the D.A. Defendant's in their Official Capacities

Plaintiffs argue that we erred in dismissing the claims brought against the D.A. Defendant's in their official capacities because those Defendants are not protected by sovereign immunity. Plaintiffs' argument evinces their misunderstanding of the August 7, 2007 Memorandum and Order. Plaintiffs' claims against the D.A. Defendant's in their official capacities were not dismissed based upon sovereign immunity, but because Plaintiff also asserted those claims against the City of Philadelphia, the municipality which employs the D.A. Defendants.

Claims asserted against governmental officials in their official capacities are, in essence, claims brought against the municipality of which the official is an agent. See Brown v. Montgomery County, Civ. A. No. 04-5729, 2005 WL 1283577, at *4 (E.D. Pa. May 26, 2005) (noting that "official capacity actions represent another way to sue the municipality of which the officer is an agent" and that "an action brought against both the entity and the public official in his or her official capacity is redundant" (citing Kentucky v. Graham, 473 U.S. 159 (1985))). Suits brought against government officials in their official capacities are, accordingly, treated as suits brought against the governmental unit of which they are officials. Mitros v. Borough of Glenolden, 170 F. Supp. 2d 504, 506 (E.D. Pa. 2001) (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985)); see also McGreevy v. Stroup, 413 F.3d 359, 369 (3d Cir. 2005) (relying on Mitros, 170 F. Supp. 2d at 506). Consequently, we had the discretion "to dismiss the claims against the individual defendants." Brown, 2005 WL 1283577, at *4 (citing Satterfield v. Borough of Schuylkill Haven, 12 F. Supp. 2d 423, 432 (E.D. Pa. 1998)). We find that we did not err in dismissing the claims brought against the D.A. Defendants in their official capacities as those claims were redundant to identical claims brought against the City of Philadelphia and Plaintiffs' Motion for Reconsideration is, accordingly, denied as to these claims.

      C.      <u>Plaintiffs' Monell Claims Against the D.A.'s Office</u>

Plaintiffs argue that we erred in dismissing the <u>Monell</u> claims asserted against the D.A.'s Office because that office is a municipality which may be subject to liability pursuant to § 1983. The D.A.'s Office is part of the City of Philadelphia and, quite simply, is not a separate legal entity subject to liability pursuant to § 1983. <u>See</u> <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 148 (3d Cir. 1997) ("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability . . . ."); <u>see also</u> <u>Schneyder v. Smith</u>, Civ. A. No. 06-4986, 2007 WL 119955, at *5 n.7 (E.D. Pa. Jan. 9, 2007) (observing that "a district attorney's office may not be a separate legal entity for the purposes of § 1983 liability"). We find that we did not err in dismissing the § 1983 claims brought against the D.A.'s Office because the D.A.'s Office is not a separate legal entity subject to liability pursuant to § 1983. Plaintiffs' Motion for Reconsideration is, accordingly, denied as to these claims.

      D.      <u>Plaintiff's State Constitutional and Common Law Claims Against the D.A.'s Office</u>

Plaintiffs argue that we erred in dismissing their state constitutional and common law claims against the D.A.'s Office because those claims allege intentional acts and the Pennsylvania Tort Claims Act does not bar recovery against local agencies for intentional acts. It is true that 42 Pa. Cons. Stat. Ann. § 8550 strips employees of local agencies of immunity for acts which constitute "a crime, actual fraud, actual malice or willful misconduct . . . ." 42 Pa. Cons. Stat. Ann. § 8550. Section 8550 does not, however, "strip immunity from the agency itself." <u>Bornstad v. Honey Brook Twp.</u>, Civ. A. No. 03-3822, 2004 WL 1171244, at *4 (E.D. Pa. May 26, 2004) (citing 42 Pa. Cons. Stat. Ann. § 8542(a) and <u>Cooper v. City of Chester</u>, 810 F. Supp. 618, 626 n. 8 (E.D. Pa. 1992)); <u>see also</u> <u>Wakshul v. City of Philadelphia</u>, 998 F. Supp. 585, 588 (E.D. Pa. 1998) (stating that "while

there is a statutory abrogation of immunity of individual employees for intentional torts, this does not remove the immunity of the local agency, here the City." (citing 42 Pa. Cons. Stat. Ann. § 8550 and Smith v. City of Chester 851 F. Supp. 656, 659 (E.D. Pa. 1994))).  Since there is no abrogation of local agency immunity pursuant to the Tort Claims Act with respect to the intentional torts of the agency's employees, we find that we did not err in finding that the D.A.'s Office is immune from liability with respect to the state common law claims asserted in the Complaint.  In addition, we did not dismiss Plaintiffs' claim for violation of the Pennsylvania constitution pursuant to the Tort Claims Act.  That claim was dismissed because there is no right to monetary damages for violation of the Pennsylvania Constitution.  See Jones v. City of Philadelphia, 890 A.2d 1188, 1208, 1213, 1216 (Pa. Commw. Ct. 2006); see also R.H.S. v. Allegheny County Dep't of Human Serv., ___ A.2d ___, 2007 WL 3377101, at *5 (Pa. Commw. Ct. Nov. 15, 2007) (citing Jones, 890 A.2d at 1208).  We find that our dismissal of Plaintiffs' state constitutional law claim on this basis was not error.  Plaintiffs' Motion for Reconsideration is, accordingly, denied as to all of their state law claims.

      E.      <u>Certification for Immediate Appeal</u>

Plaintiffs ask that we certify the dismissal of the D.A. Defendants and the D.A.'s Office as a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that Plaintiffs may file an immediate appeal.  Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b).  Before certifying a final judgment pursuant to Rule 54(b), the district court must make "two separate

findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980)).

We find that our August 7, 2007 Memorandum and Order was a final judgment on the merits as to the D.A. Defendants and the D.A.'s Office because it was "an 'ultimate disposition'" of Plaintiffs' claims against those Defendants. Carter v. City of Philadelphia, 181 F.3d 339, 346 (3d Cir. 1999) (quoting Curtiss-Wright, 446 U.S. at 7). The United States Court of Appeals for the Third Circuit instructs district courts to use the following five factors in determining whether there is "just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Berckeley Inv. Group, 455 F.3d at 203 (quoting Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)). We find that there is "just reason for delay" in this case because, with the exception of Count XII, all of the claims asserted against the D.A. Defendants and the D.A.'s Office were also asserted against other Defendants who remain in the case and there has been no final determination of those claims as to the remaining Defendants. Count I alleges a claim against all Individual Defendants, individually and in their official capacities, pursuant to 42 U.S.C. § 1983; Count II alleges a claim against all Individual Defendants, individually and in their official

capacities, pursuant to 42 U.S.C. § 1981; Count III alleges a claim against all Individual Defendants, individually and in their official capacities, pursuant to 42 U.S.C. § 1985; Counts V and VII allege claims against the City of Philadelphia as well as against the D.A. Defendants and the D.A.'s Office pursuant to 42 U.S.C. § 1983; Counts IX and X allege state common law claims against all Defendants; and Count XI alleges a claim for violation of the Pennsylvania Constitution against all Defendants.  Plaintiffs' request that we certify the August 7, 2007 Memorandum and Order as a final judgment pursuant to Rule 54(b) so that they may file an immediate appeal is, accordingly, denied.

BY THE COURT:

S/John R. Padova
_____
John R. Padova, J.