IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XAVIER CRUZ, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 07-493 |

**ORDER-MEMORANDUM**

**Padova, J.**

      **AND NOW,** this 3rd day of November, 2008, upon consideration of Defendants' Motion for Reconsideration (Docket No. 46) and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED in part and DENIED in part**. **IT IS FURTHER ORDERED** that Defendants Police Officer Norman Comacho, Police Officer Christopher Godfrey, Sergeant Austin Fraser, Sergeant Thurman, Sergeant Henderchot, Captain Hall, Detective John Komornoski, Detective James Perfidio, Detective John Ellis, and Detective George Cruz are **DISMISSED** as Defendants in this action.

      Defendants Police Officer Norman Comacho, Police Officer Francis Kober, Police Officer Mathew Gillespie, Police Officer Christopher Godfrey, Police Officer Hayes, Sergeant Austin Fraser, Sergeant Thurman, Sergeant Henderchot, Captain Hall, Detective John Komornoski, Detective James Perfidio, Detective John Ellis, and Detective George Cruz (the "Moving Defendants"), have asked us to reconsider a portion of our September 24, 2008 Memorandum and Order granting in part, and denying in part, Defendants' Motion for Summary Judgment. They seek reconsideration of that portion of our Memorandum and Order denying the Motion for Summary Judgment as to Counts I and VIII of the Complaint. Count I of the Complaint states a claim against the Moving Defendants and Police Officer Eric Pross, both individually and in their official capacities, pursuant to 42 U.S.C.

§ 1983, for violation of Cruz's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure, and to equal protection under the law. Count VIII states a claim against the Moving Defendants and Officer Pross pursuant to Pennsylvania common law for false arrest and false imprisonment. Both claims arise out of Cruz's arrest in connection with the February 5, 2005 home invasion robbery of 4011 Dungan Street.

We denied the Motion for Summary Judgment with respect to Counts I and VIII because we found that there is a genuine issue for trial regarding whether the police had probable cause for Cruz's arrest at the time he was arrested. Officer Pross handcuffed Cruz and took him out of his aunt's home on February 5, 2005. Moving Defendants concede that "a question of fact exists for the jury to determine whether Officer Pross arrested plaintiff" at that time. (Def. Mem. at 3.) Moving Defendants contend, however, that we erred in not granting summary judgment in their favor because there is no evidence on the record before us that any of them were involved in, or knew of, the stop or arrest of Cruz.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Pub. Interest Research Group of New Jersey v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997). "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources." Ehrheart v. Lifetime Brands, Inc., 498 F. Supp. 2d 753, 757 (E.D. Pa. 2007) (quoting Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997)).

Moving Defendants contend that we committed a clear error of law by not dismissing Counts I and VIII against all of the police officer Defendants, with the exception of Officer Pross, and that it would be a manifest injustice to allow Plaintiffs to proceed against them without any evidence that they were involved in the stop or arrest of Cruz.

"In order to succeed on a claim brought pursuant to 42 U.S.C. § 1983, Plaintiffs must establish that 'the defendant personally participated, directed, or knowingly acquiesced in the alleged constitutional deprivation.'" Constantini v. Hess, Civ. A. No. 03-5402, 2004 U.S. Dist. LEXIS 22044, at *29 (E.D. Pa. Nov. 1, 2004) (quoting Burke v. Dark, No. Civ. A. 00-CV-5773, 2001 U.S. Dist. LEXIS 2463, at *6 (E.D. Pa. Mar. 8, 2001)); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiffs assert that there is evidence that the Moving Defendants were involved in the stop or arrest of Cruz and ask us to deny the Motion for Reconsideration. There is evidence on the record before us that Police Officer Hayes was involved in the decision to stop or arrest Cruz in connection with the home invasion robbery of 4011 Dungan Street. (Pross Dep. at 26.) There is also evidence that Police Officers Gillespie and Kober were present at the time of Cruz's stop or arrest and may have participated in the stop or arrest. (Id. at 27.) There is no evidence on the record before us that any of the other Moving Defendants participated in, or were aware of, the stop or arrest of Cruz. The Motion for Reconsideration is, accordingly, denied as to Police Officers Hayes, Gillespie and Kober, and granted as to the rest of the Moving Defendants.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.